## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:14-CV-01677-PAB-KMT

**MAUGED MISSIHA,**

   **Plaintiff,**

**v.**

**NORTHWEST FIRE PROTECTION DISTRICT,**
**CHIEF MICHAEL ROLL,**
**CAPTAIN KRISTY OLME,**

   **Defendants.**

_____

### PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION
_____

Based upon the joint motion of the parties, and for good cause shown, it is hereby ORDERED that the following provisions shall govern "Confidential Information" in the above-captioned action:

1. Certain records, documents, and information of the parties produced in discovery in this action and any information derived directly or indirectly from such records, documents, and information, (hereinafter "Confidential Information"), shall be kept confidential by the parties and their counsel according to the terms and conditions which follow below.

2. A party may designate as Confidential Information any documents, testimony or information that the designating party in good faith believes to contain non-public information which may be privileged or subject to confidentiality limitations

on disclosure due to federal laws, state laws, or privacy rights. Confidential Information shall not be disclosed directly or indirectly to any person other than as provided in this order except as otherwise agreed in writing by the parties. Confidential Information shall be used solely for the purpose of either prosecuting or defending this action and shall not be used for any business, commercial, or any other purposes whatsoever. Any information designated by a party as Confidential must first be reviewed by that party's respective counsel, who will then certify that the designation as Confidential is "based on a good faith belief that the information is confidential or otherwise entitled to protection."

3. Confidential Information shall be stamped "CONFIDENTIAL" or otherwise designated by the party producing it. In the event a party inadvertently fails to designate a document or testimony as Confidential Information, it may make such a designation subsequently by notifying the other parties in writing as soon as practicable. Until such notification, however, disclosure of any such document shall not constitute a violation of this order. The inadvertent failure to designate a document or testimony as Confidential Information shall be without prejudice to any claim that such item is Confidential Information and such party shall not be held to have waived any rights by such inadvertent production.

4. Portions of deposition transcripts pertaining to Confidential Information may be designated as Confidential Information by a statement on the record at the deposition or by written designation as soon as practicable after the transcript is prepared. After receipt of such notification, the parties and counsel will treat that document or

testimony as Confidential Information subject to their right to contest such designation as provided below.

5. Confidential Information may be disclosed only to the following persons:

(a) the parties and their counsel of record and insurance claims adjusters, in-house counsel, including any staff members assisting in the preparation for trial, or appeal of the action;

(b) any experts, consultants, and advisors employed or retained by the parties to perform investigative work, research, analysis or other services related to this action if such person executes a Confidentiality Agreement pursuant to paragraph 6;

(c) deponents, during the course of their depositions, if the attorney making such disclosure obtains an executed Confidentiality Agreement from that deponent pursuant to paragraph 6;

(d) the Court, and any members thereof who require access to the Confidential Information, in accordance with the procedures described in paragraph 7; and

(e) court reporters and their staff.

6. Each person, other than those listed in Section 5(a), (d), and (e) above, receiving Confidential Information shall be shown a copy of this order and shall sign a Confidentiality Agreement in the form attached hereto as Exhibit A. Each such person agrees to be subject to the restrictions imposed by this order and to submit to the jurisdiction of the Court for the limited purpose of securing compliance with the terms of this order.

7.      Any request to restrict access to documents filed with the court, whether stamped CONFIDENTIAL or not, must comply with the requirements of D.C.COLO.LCivR 7.2.

8.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL. This order does not alter, waive, modify, or abridge any right, privilege, objection or protection otherwise available to a party with respect to the discovery of any matters, including but not limited to a party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges or objections, or a party's right to contest any such assertion. Nothing in this order shall be

deemed to preclude a party at any time from seeking and obtaining from the Court, on an appropriate showing, additional protection.

9.      All documents subject to this order, including any and all copies made of such documents, will be kept in accordance with the recipient's document retention and destruction policies and practices. The provisions of this order shall continue to be binding at the termination of this action.

10.     Any voluntary public disclosure of documents or testimony designated Confidential Information by a designating party shall render the documents or testimony, and/or any information derived directly or indirectly from such documents or testimony, no longer confidential and subject to this order.

11.     Nothing in this order shall affect the admissibility into evidence of Confidential Information, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Information.

IT IS SO ORDERED.

DATED this 2nd day of October, 2014.

_____

Kathleen M. Tafoya
United States Magistrate Judge

5

## EXHIBIT A

I, _____, have read and understand the foregoing

PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION.  I agree to comply with

and to be bound by all the terms of the order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I promise that I will not disclose in any manner any information or item that

is subject to the order to any person or entity except in strict compliance with its

provisions. I hereby submit to the jurisdiction of the Court for the purpose of securing

compliance with its terms.


Dated:                                   _____

6